**Jason A. Williams, Esq.**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula Montana, 59802
Telephone: (406) 728-0810
Email: jwilliams@dmllaw.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| ADAM CHENOWETH,<br><br>Plaintiff,<br><br>v.<br><br>YELLOWSTONE COUNTY, a political subdivision of the State of Montana; SHERIFF MIKE LINDER; JOHN DOES 1-5; and CORPORATIONS A, B and C,<br><br>Defendant. | Cause No. CV-00150-SPW<br><br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, ADAM CHENOWETH , by and through his counsel of record, Jason A. Williams of the law firm of Datsopoulos, MacDonald & Lind, P.C., and amends the Complaint pursuant to Rule 15(a)(1), Fed.R.Civ.P. as the Defendants were served on October 31, 2017 and less than 21 days has passed. Plaintiff alleges and states as follows:

## **PARTIES**

1. At all times relevant Plaintiff, Adam Chenoweth, was a resident of the State of Montana, residing in Yellowstone County.

2. Defendant, Yellowstone County, is a political subdivision of the State of Montana and during relevant times to this action, employed and then terminated Plaintiff Adam Chenoweth.

3. Defendant, Sheriff Mike Linder, is and was at all times relevant to this action, the elected Sheriff of Yellowstone County and is the policy-making official for the Yellowstone County Sheriff's Office ("YCSO") with the power to make official and final policies for YCSO. Defendant sheriff Mike Linder is sued only in his official capacity as Sheriff of Yellowstone County.

4. One or more of the John Doe Defendants were responsible for the screening, hiring, training, supervision and discipline of other Defendants.

5. Each of the Defendants were at all times relevant to this action acting as the agent, employee, co-conspirator or other representative of each other and of Yellowstone County, and that each Defendant ratified, consented to or authorized the acts or omissions of each other Defendant, and as a result, each Defendant is jointly and severally liable for the damages caused by each other Defendant.

## JURISDICTION AND VENUE

6. This Court, in Yellowstone County, has jurisdiction over each of the parties in accordance with Mont. Code. Ann. § 25-2-122, because both Plaintiff and Defendant reside in Yellowstone County, and Plaintiff's employment by Defendant and subsequent termination occurred in Yellowstone County.

7. Yellowstone County, State of Montana is also the most convenient forum given the location of witnesses and parties.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

9. Defendant, Yellowstone County, hired Plaintiff, Adam Chenoweth, on June 16, 2014. Plaintiff, Mr. Chenoweth, worked as a Deputy Sheriff in the Patrol Division.

10. Mr. Chenoweth is a member of the Montana Army National Guard.

11. As a member of the Montana Army National Guard, Mr. Chenoweth, is required to perform Military Service Obligations ("MSO") regularly and at times on short notice.

12.     Defendant was aware of Mr. Chenoweth's membership to the Montana Army National Guard, and the accompanying MSO's, when Defendant hired him.

13.     On or about April 28, 2015, Mr. Chenoweth received short notice of an upcoming military training that would be beneficial for his military training and for his employment with YCSO.

14.     On Wednesday, April 29, 2015, Plaintiff notified his immediate supervisor, Sergeant Robert Lester, of his training commitment by text message.

15.     Soon thereafter Sgt. Lester requested orders from Mr. Chenoweth's training noncommissioned officer concerning the commitment. The training was to take place from May 2 through May 7.

16.     On Thursday, April 30, 2015, Mr. Chenoweth provided a copy of his training memorandum to Lieutenant Roger Bodine ("Lt. Bodine"), the Professional Standards and Training Officer. The memo included the fast approaching dates of the training.

17.     However, instead of allowing Mr. Chenoweth to go to the training, on May 1, 2015, Mr. Chenoweth met with Lt. Bodine and Undersheriff Kevin Evans wherein Defendants terminated Mr. Chenoweth's employment.

18. Defendant provided Mr. Chenoweth a letter which listed the eleven reasons for his termination and was signed by Defendant Sheriff Mike Linder. See Exhibit "A."

19. The letter stated Mr. Chenoweth amongst other things that his termination was because Mr. Chenoweth failed to notify supervisor of MSO until the day before training was scheduled.

20. Following Mr. Chenoweth's termination, the Veterans Employment and Training Service ("VETS") of the U.S. Department of Labor conducted an investigation of the cause of his termination. Starting on May 18, 2015, VETS conducted interviews with Plaintiff's coworkers and superiors to determine the motivating factor to Mr. Chenoweth's termination.

21. On December 10, 2015, VETS published their report. The report included an investigation of the Defendant's reasons for terminating Mr. Chenoweth as well as their conclusion as to why Defendant terminated him. See Exhibit "B."

22. VETS' report ultimately concluded that a motivating factor in Mr. Chenoweth's termination was Mr. Chenoweth's MSO. Exhibit "B" page 11.

23. The VETS' report also concluded that the Defendant's reasons stated in Mr. Chenoweth's termination letter were a pretext based in misunderstanding and misconception. Exhibit "B" page 11-13.

24. The VETS' report also found that it was reasonable to provide short notice due to the circumstances surrounding the MSO. Exhibit "B" page 11.

25. Defendant claimed Mr. Chenoweth was unresponsive to feedback, but VETS discovered Mr. Chenoweth's training records that indicated Mr. Chenoweth was receptive to feedback. Exhibit "B" page 12.

26. Defendant claimed Mr. Chenoweth failed to follow proper mic pack procedure, and had failed to use a mic pack when Plaintiff stopped his own brother for DUI. VETS determined the mic pack issue was a department wide problem, and Mr. Chenoweth was utilizing the mic pack similar to his colleagues. Id.

27. Defendant claimed Mr. Chenoweth's DUI stop of his brother was improper, but the Defendant themselves found no evidence of wrong doing. Id.

28. At the time of Mr. Chenoweth's termination, Defendant failed to follow its own personnel policy by terminating Plaintiff without first issuing verbal warnings, providing counsel, and writing formal reprimands.

29. Mr. Chenoweth's reputation in law enforcement has been damaged by Defendant's dismissal of Plaintiff. Defendant claimed Plaintiff was untruthful and honesty is a characteristic critical to an officer's credibility in court. Without a reputation of honesty a law enforcer's career is limited.

## **CLAIM I: VIOLATION OF 38 U.S.C. § 4311 et al**

30. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

31. Under federal law, "A person who is a member of… or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership,… or obligation." 38 U.S.C. § 4311(a).

32. U.S. Congress passed this law under the name Uniformed Services Employment and Reemployment Rights Act (USERRA) with the purpose encourage non-career service in the military and to minimize the disruption lives of military personnel. 38 U.S.C. § 4301(a).

33. Plaintiff is a member of Montana Army National Guard, a uniformed service, where an obligation to serve the military may come abruptly. Defendant was aware of Plaintiff's MSO upon hire and during Plaintiff's employment.

34. Defendants denied Plaintiff retention in employment as he was terminated for a planned attendance of a MSO.

35. Per 38 U.S.C. § 4311(c), "An employer shall be considered to have engaged in actions prohibited . . . under subsection (a), if the person's membership .

. . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership."

36. In Defendants' letter of termination to Plaintiff, Defendants list several reasons why they chose to terminate Plaintiff. The investigation conducted by VETS, U.S. Department of Labor, concluded the Defendants' reasons were a pretext.

37. Plaintiff asserts, and the VETS' report supports, Plaintiff's MSO was the motivating factor in the Defendant's decision to dismiss Plaintiff.

38. Per 38 U.S.C. § 4312 (a) "…any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…"

39. Per 38 U.S.C. § 4312 (b) "No notice is required under subsection (a)(1) if the giving of such notice is precluded by military necessity or, under all of the relevant circumstances, the giving of such notice is otherwise impossible or unreasonable. A determination of military necessity for the purposes of this subsection shall be made pursuant to regulations prescribed by the Secretary of Defense and shall not be subject to judicial review."

40. Defendants' violations were willful, because Defendants were given notice and the circumstances were shown that advanced notice was not reasonable.

41. As an immediate and direct result of Defendant's actions Plaintiff suffered lost wages, and lost earning capacity due to damaged reputation.

## CLAIM II: VIOLATION MONT. CODE ANN. § 10-1-1001 et al

42. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

43. Montana's legislature passed a set of laws protecting National Guard members' employment rights called Montana Military Service Employment Rights (MMSER). The statutes purpose is to honor the efforts and sacrifices of both the members of the National Guard and their employers. Mont. Code Ann. § 10-1-1002. Whether the employee is within his/her probationary period has no bearing on honoring the employee's military service.

44. "An employer may not deny employment, reemployment, reinstatement, retention, promotion, or any benefit of employment or obstruct, injure, discriminate against, or threaten negative consequences against a person with regard to employment because of the person's membership… in the national guard of Montana or any other state or because the person may exercise or has exercised a right or may claim or has claimed a benefit under this part." Mont. Code Ann. § 10-1-1005.

45. Plaintiff is a member of Montana Army National Guard, a uniformed service, where an obligation to serve the military may come abruptly. Defendant was aware of Plaintiff's MSO upon hire and during Plaintiff's employment.

46. Defendants denied Plaintiff retention in employment as he was terminated for a planned attendance of a MSO.

47. Plaintiff informed VETS of the U.S. Department of Labor, of his situation and they conducted an investigation. Defendants refused to settle so Plaintiff is now exercising his option under Mont. Code Ann. 10-1-1019 to pursue a lawsuit.

48. Plaintiff asserts, and VETS' report supports, Defendants' motivating factor in terminating Plaintiff's employment was Plaintiff's MSO.

49. As an immediate and direct result of Defendants' actions Plaintiff has suffered lost wages, and lost earning capacity due to damaged reputation.

50. Plaintiff asserts Defendants acted willfully in his termination. Mont Code Ann. § 10-1-1021(1)(c). Defendants terminated Plaintiff due to his MSO and attempted to mask this act with a slew of allegations based in misconception and misinformation, or with claims without evidentiary support.

//

WHEREFORE, Plaintiff, Adam Chenoweth, demands judgment against Defendant, Yellowstone County and Sheriff Mike Linder, for:

a. Lost wages;

b. Lost earning capacity;

c. Liquidated damages per Mont. Code Ann. § 10-1-1021(1)(c);

d. Attorney fess per Mont. Code Ann. § 10-1-1021(2); and

e. For such other and further relief as this Honorable Court deems meet and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 14 day of November, 2017.

DATSOPOULOS, MacDONALD & LIND, P.C.


By:   /s/ Jason A. Williams
       Jason A. Williams
       Attorney for Plaintiff