Kevin Gillen and Levi A. Robison
Deputy Yellowstone County Attorneys
Yellowstone County Courthouse, Room 701
P.O. Box 35025
Billings, Montana 59107-5025
(406) 256-2870
kgillen@co.yellowstone.mt.gov
lrobison@co.yellowstone.mt.gov

**Attorneys for Yellowstone County**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ADAM CHENOWETH, ) | |
| ) | Cause No. CV 17-0150-BLG-SPW-TJC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **YELLOWSTONE COUNTY'S** |
| ) | **ANSWER TO CHENOWETH'S** |
| YELLOWSTONE COUNTY, *et al*, ) | **FIRST AMENDED COMPLAINT** |
| ) | |
| Defendants. ) | |
| _____) | |

Yellowstone County (the County) answers Adam Chenoweth's (Chenoweth) First Amended Complaint as follows:

## Parties

1. The County admits the allegations in paragraph 1.

2. The County admits the allegations in paragraph 2.

3. The County admits the allegations in paragraph 3.

4. The County does not have sufficient information to admit or deny the allegations in paragraph 4, therefore, it denies the allegations.

5. The County does not have sufficient information to admit or deny the allegations in paragraph 5, therefore, it denies the allegations.

## Jurisdiction and Venue

6. The County admits the allegations in paragraph 6.

7. The County admits the allegations in paragraph 7.

## Facts Common to All Accounts

8. The County is not required to respond to Paragraph 8. To the extent the County is required to respond to the allegations, it re-alleges its previous responses.

9. The County admits the allegations in paragraph 9.

10. The County does not have sufficient information to admit or deny the allegations in paragraph 10, therefore, it denies the allegations.

11. The County does not have sufficient information to admit or deny the allegations in paragraph 11, therefore, it denies the allegations.

12. The County admits the allegations in paragraph 12.

13. The County does not have sufficient information to admit or deny the allegations in paragraph 13, therefore, it denies the allegations.

14. The County does not have sufficient information to admit or deny the allegations in paragraph 14, therefore, it denies the allegations.

15. The County admits in part and denies in part this allegation in paragraph 15. The County admits Sgt. Lester received orders from Chenoweth's noncommissioned officer about the military training. The County denies all other allegations in the paragraph.

16. The County admits in part and denies in part the allegations in paragraph 16. The County admits Lt. Bodine received the training order on April 30, 2015. The County denies all other allegations in the paragraph.

17. The County admits in part and denies in part the allegations in paragraph 17. The County admits it terminated Chenoweth from employment on May 1, 2015. The County denies all other allegations in the paragraph.

18. The County admits the allegations in paragraph 18.

19. The County admits the allegations in paragraph 19.

20. The County admits the allegations in paragraph 20.

21. The County admits in part and denies in part the allegations in paragraph 21. The County admits the existence of the VETS investigation and report. The County denies all other allegations in the paragraph.

22. The County admits in part and denies in part the allegations in paragraph 22. The County admits VETS concluded the allegations in paragraph 22 in its report. The County denies all other allegations in the paragraph.

///

23. The County admits in part and denies in part the allegations in paragraph 23. The County admits VETS concluded the allegations in paragraph 23 in its report. The County denies all other allegations in the paragraph.

24. The County admits in part and denies in part the allegations in paragraph 24. The County admits VETS concluded the allegations in paragraph 24 in its report. The County denies all other allegations in the paragraph.

25. The County admits in part and denies in part the allegations in paragraph 25. The County admits VETS concluded the allegations in paragraph 25 in its report. The County denies all other allegations in the paragraph.

26. The County admits in part and denies in part the allegations in paragraph 26. The County admits VETS concluded the allegations in paragraph 26 in its report. The County admits it found Chenoweth failed to use proper mic pack procedure and that Chenoweth failed to use a mic pack when he stopped his own brother for a DUI. The County denies all other allegations in the paragraph.

27. The County admits in part and denies in part the allegations in paragraph 27. The County admits VETS concluded the allegations in paragraph 27 in its report. The County denies all other allegations in the paragraph.

28. The County denies the allegations in paragraph 28.

29. The County does not have sufficient information to admit or deny the allegations in paragraph 29, therefore, it denies the allegations.

## Claim I: Violation of 38 U.S.C. § 4311

30. The County is not required to respond to Paragraph 30. To the extent the County is required to respond to the allegations, it re-alleges its previous responses.

31. The County admits the allegations in paragraph 31.

32. The County admits the allegations in paragraph 32.

33. The County admits in part and denies in part the allegations in paragraph 33. The County admits that it was aware of Chenoweth's MSO upon hire and during employment. The County admits the Montana National Guard is a uniformed service where an obligation to serve the military may come abruptly. The County denies all other allegations in the paragraph.

34. The County denies the allegations in paragraph 34.

35. The County admits the allegations in paragraph 35.

36. The County admits in part and denies in part the allegations in paragraph 36. The County admits that in its letter of termination to Chenoweth it listed many reasons for terminating Chenoweth. The County admits VETS concluded the allegations in paragraph 36. The County denies all other allegations in the paragraph.

37. The County denies the allegations in paragraph 37.

38. The County admits the allegations in paragraph 38.

39. The County admits the allegations in paragraph 39.

40. The County denies the allegations in paragraph 40.

41. The County denies the allegations in paragraph 41.

## Claim II: Violation of Montana Code Ann. § 10-1-1005

42. The County is not required to respond to Paragraph 42. To the extent the County is required to respond to the allegations, it re-alleges its previous responses.

43. The County admits in part and denies in part the allegations in paragraph 43. The County admits the text of MCA § 10-1-1002. The County denies all other allegations in the paragraph.

44. The County admits the allegations in paragraph 44.

45. The County admits in part and denies in part the allegations in paragraph 45. The County admits that it was aware of Chenoweth's MSO upon hire and during employment. The County admits the Montana National Guard is a uniformed service where an obligation to serve the military may come abruptly. The County denies all other allegations in the paragraph.

46. The County denies the allegations in paragraph 46.

47. The County does not have sufficient information to admit or deny the allegations in paragraph 47, therefore, it denies the allegations.

48. The County denies the allegations in paragraph 48.

49. The County denies the allegations in paragraph 49.

50. The County denies the allegations in paragraph 50.

51. The County denies all other allegations not specifically admitted.

## Defenses

1. Chenoweth's allegations fail to state a claim upon which relief can be granted.

2. All employment decisions regarding or affecting Chenoweth were based on legitimate, nondiscriminatory, and reasonable business decisions.

3. The County's investigation and decision to terminate Chenoweth were at all times done in good faith and were executed within the parameters of the County's Policies and Federal and state law.

4. The County took reasonable care to prevent discrimination and retaliation, and to ensure there was no improper conduct related to Chenoweth's military service.

5. Legitimate reasons, standing alone, would have induced the County to take the same action, even in the absence of Chenoweth's alleged USERRA protected status or activity, due to Chenoweth's poor performance and deceptive actions during his probationary period.

6. Pursuant to 38 U.S. Code § 4311(c)(1), even if Chenoweth meets his burden to show Chenoweth's obligation to serve was a motivating factor in the termination of his employment, the action to terminate him would have occurred absent the obligation.

7. Damages incurred by Chenoweth, if any, were the result of his negligence and/or other conduct.

8. Any monetary relief Chenoweth seeks, or might otherwise be entitled to receive, must be reduced by the amounts Chenoweth earned, or with reasonable diligence could have earned through mitigation, or which he otherwise failed to seek or accept during the period for which he seeks monetary relief.

9. Chenoweth has failed to mitigate his damages.

10. Chenoweth's Complaint fails by the doctrine of unclean hands.

11. Chenoweth is not entitled to recover any liquidated damages herein, and any allegations with respect thereto should be stricken because Chenoweth has failed to plead facts and cannot prove facts sufficient to support liquidated damages or that the County willfully violated USERRA or MCA § 10-1-1005.

12. Pursuant to MCA § 7-32-2105, a deputy sheriff may be terminated at any time during their probationary period with or without cause.

13. The County reserves the right to assert each and every additional defense, including affirmative defenses, which become apparent during the course of discovery in this matter.

## Relief

Yellowstone County requests the Court: (1) dismiss all claims against the County, (2) grant judgment in favor of the County and against Chenoweth, (3) award the County its costs and attorney fees for the case and (4) award any other relief it deems proper under the circumstances.

Dated this 21st day of November, 2017.

                                  /s/ Levi A. Robison
                                  Levi A. Robison
                                  Deputy Yellowstone County Attorney

## Certificate of Service

I certify that on the date below I served a copy of the attached Yellowstone County's Answer to Chenoweth's First Amended Complaint on the following people by the following means:

 1, 2  CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-mail

1.     Clerk, U.S. District Court

2.     Jason A. Williams
       Datsopoulos MacDonald & Lind P.C.
       Central Square Building
       201 W. Main Street Suite 201
       Missoula, Montana 59802
       *Attorney for Adam Chenoweth*

Dated this 21st day of November, 2017.

                                  /s/ Levi A. Robison
                                  Levi A. Robison
                                  Deputy Yellowstone County Attorney