**Jason A. Williams**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana  59802
Telephone:  (406) 728–0810
Facsimile:  (406) 543-0134
Email:     jwilliams@dmllaw.com

*Attorney for Plaintiff*

**Levi A. Robison**
Deputy Yellowstone County Attorneys
Yellowstone County Courthouse, Room 701
PO Box 35025
Billings, MT 59107
406-256-2870
lrobison@co.yellowstone.mt.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADAM CHENOWETH | |
| Plaintiff, | Cause No.: CV 17-0150-BLG-SPW-TJC |
| vs. | |
| YELLOWSTONE COUNTY *et al,* | **JOINT DISCOVERY PLAN** |
| Defendants. | |

Plaintiff Adam Chenoweth and Defendants Sheriff Mike Linder and

Yellowstone County, submit this joint discovery plan pursuant to Fed.R.Civ.P.

26(f).  Lead counsel for the parties communicated by phone and through several email communications, to discuss the nature and basis of their claims and defenses, the possibilities for promptly settling or resolving the case, and any issues surrounding the preservation of discoverable information.  This discovery plan states the parties' views and proposals on:

**A.  What changes should be made in the timing, form, or requirements for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties shall exchange initial disclosures on or before February 9, 2018. In this regard, the parties acknowledge the form of the disclosures shall comply with the prescriptions of Fed. R. Civ. P 26(a)(1).

**B.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties propose no limitations on the scope of discovery other than those set forth in the Federal Rules of Civil Procedure.  The majority of fact witnesses necessary for this matter reside in Yellowstone County so there should be no issues pertaining to depositions of fact witnesses.  The parties anticipate taking the deposit ion of expert witnesses in the locale where the experts reside.

**C.     Proposed Discovery Deadlines:**

Regarding an appropriate schedule for the completion of discovery and disposition of pre-trial matters, the parties have conferred and propose the following schedule to the Court:

**1.     <u>Discovery Deadline</u>**

The parties shall complete discovery by December 14, 2018.

**2.     <u>Expert Disclosures</u>**

i) Simultaneous disclosure of liability experts and disclosure of plaintiff's damages experts, in compliance with Fed. R. Civ. P. 26(a)(2)(B), shall be made on or before August 31, 2018.

ii) Disclosure of defendant's damages experts, in compliance with Fed. R. Civ. P. 26(a)(2)(B), shall be made on or before September 28, 2018.

3) Any expert disclosures for purposes of rebuttal shall be served within 30 days of service of the report being rebutted. Rebuttal experts identified and disclosed under Fed. R. Civ. P. 26(a)(2)(B) are limited to those persons expected to be called as experts to contradict, rebut, or impeach expert opinions on new subject matter identified by another party which could not reasonably have been anticipated at the time of the initial expert disclosures.

3.      <u>**Motions to Amend or Add Parties**</u>

The parties propose that they be permitted to join additional parties or amend their pleadings, as a matter of right, by March 9, 2018. Thereafter, the parties may amend only with leave of the Court, pursuant to the Federal Rules of Civil Procedure.

**D.      Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

At this time the parties do not anticipate any issues regarding the discovery of electronically stored information.   Production of electronically stored information, if any, will be in the form of written documents printed on paper and Bates-stamped.   Any electronic copies of such information will be preserved to allow for inspection and examination of the information in its original format.

**E.      Any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

The parties intend to assert all claims of privilege or of protection at the time of production via a privilege log that will state the privilege asserted, identify the author and author's relationship to the parties, the date of the document and all recipients of the document.  In the event of inadvertent disclosure, the parties agree that Fed.R.Evid. 502(b) should apply.  The parties do not intend to ask the Court to include these provisions in an order.

**F.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not propose any limitations on discovery other than those set forth within the Federal Rules of Civil Procedure, and any limitations on discovery should be decided by the Court upon motion and a proper showing.

**G.    Any other orders that the Court should issue under Rule 26(c) or under Rules 16(b) and (c).**

The parties do not seek entry of any additional orders at this time under Rules 26(c) or Rules 16(b) and (c).

**H.    Alternative Dispute Resolution**

The parties agree that pursuant to L.R. 16.5 the parties shall participate in a non-binding mediation process with a to be determined mutually agreeable mediator. The mediation shall be scheduled on or before November 16, 2018.

The parties respectfully request that that the Court issue a scheduling order following the preliminary pre-trial conference.

DATED January 25, 2018.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: /s/ Jason A. Williams
        Jason A. Williams
        *Attorneys for Plaintiff*

Yellowstone County Attorney's Office

By: /s/ Levi Robison
         Levi Robison
         Deputy Yellowstone County Attorney

## **CERTIFICATE OF SERVICE**

I, Jason A. Williams, of Datsopoulos, MacDonald & Lind, P.C., hereby certify that on January 27, 2018, I served a true and correct copy of the foregoing document, postage prepaid, to the following by the following means:

[ ] U.S. Mail
[ ] FedEx                             Levi Robison
[ ] Hand-Delivery          Deputy Yellowstone County Attorneys
[ ] Facsimile                  Yellowstone County Courthouse,
[ ] Certified Mail, Return Receipt    Room 701
Requested                      P.O. Box 35025
[ ] Email                     Billings, MT  59107
[x] ECF Electronic Filing       lrobison@co.yellowstone.mt.gov

By:   /s/ Jason A. Williams
         *Counsel for Plaintiff*