IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
FEB 1 4 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| ADAM CHENOWETH,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY,<br><br>Defendant. | CV 17-150-BLG-SPW<br><br>OPINION AND ORDER |

Plaintiff Adam Chenoweth alleges Defendant Yellowstone County terminated his employment with the Yellowstone County Sheriff's Office because of his membership in the National Guard, in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA) and the Montana Military Service Employment Rights Act (MMSERA). Yellowstone County filed a motion for summary judgment on both claims and on punitive and emotional distress damages. For the foregoing reasons, the Court grants Yellowstone County's motion with respect to any claim for punitive or emotional distress damages and denies Yellowstone County's motion with respect to Chenoweth's USERRA and MMSERA claims.

I. **Summary judgment standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

1

a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II. Statement of facts

The Court is unable to provide a succinct statement of facts because Chenoweth failed to adhere to the local rules governing responses to motions for summary judgment. A responding party must file a Statement of Disputed Facts simultaneously and separately from the response brief. D. Mont. L.R. 56.1(b). The Statement of Disputed Facts must set forth verbatim the moving party's Statement of Undisputed Facts, state whether each fact in the moving party's

Statement is undisputed or disputed, and, if disputed, provide a pinpoint cite to evidence that disputes the fact. D. Mont. L.R. 56.1(b)(1)(A-B). A responding party's failure to file a Statement of Disputed Facts is deemed an admission that no material facts are in dispute. D. Mont. L.R. 56.1(d).

Local rules have the force of law and are binding upon the parties and the Court. *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Only in rare cases will the Ninth Circuit reverse a district court's application of local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). When a local rule permits the district court to grant summary judgment due to noncompliance, the district court has broad discretion to determine whether noncompliance should be deemed consent to the motion. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).

Here, the local rule requires the Court to accept Yellowstone County's Statement of Undisputed Facts as well taken. Were the Court to do that and apply them to the law, Yellowstone County would be entitled to summary judgment on both of Chenoweth's claims. In the interest of justice, however, the Court will exercise its discretion and instead accept Chenoweth's brief as a Statement of Disputed Facts. Counsel for Chenoweth is hereby warned that next time the Court will strictly enforce the rule.

**III. Discussion**

3

### A. MMSERA Claim

Yellowstone County argues MMSERA applies only to persons called to state military duty and Chenoweth has failed to show his training was state funded. The Court disagrees because the plain language of the statute prohibits adverse employment actions against members of the Montana National Guard due to the member's service, without any state military duty limitation.

Statutory language must be construed according to its plain meaning. *Small v. Board of Trustees, Glacier County School District No. 9*, 31 P.3d 358, 362 (Mont. 2001). The Court's role is to "simply ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." *The Clark Fork Coalition v. Tubbs*, 380 P.3d 771, 777 (Mont. 2016).

Yellowstone County is correct that MMSERA's main purpose is to protect the employment rights of National Guard members called to "state military duty." Mont. Code Ann. § 10-1-1002. MMSERA provides several protections for National Guard members called to "state military duty," such as guaranteeing leaves of absence and benefits. Mont. Code Ann. §§ 10-1-1006, 1007. These protections apply exclusively to persons called to "state military duty," which does not include federally funded military duty. Mont. Code Ann. § 10-1-1003(7)(a-b). However, crucial to Chenoweth's claim here, MMSERA also provides a general

4

protection for Montana National Guard members from adverse employment actions, without the "state military duty" limitation. Mont. Code Ann. § 10-1-1005. Put more succinctly, MMSERA provides certain protections exclusively to National Guard members away on "state military duty," but provides a broad protection for National Guard members from adverse employment actions based on their National Guard membership generally. MMSERA's omission of the "state military duty" limitation from the adverse employment action provision appears to be deliberate, given the limitation's careful appearance in MMSERA's other provisions.

Chenoweth's complaint states his MMSERA claim is based on the adverse employment action provision. (Doc. 2 at 9-11). It does not cite or list the provisions of MMSERA that apply strictly to "state military duty." It's undisputed Chenoweth was a member of the Montana National Guard at all times relevant to his claims. (Doc. 19 at 2). § 10-1-1005 therefore protects Chenoweth from adverse employment actions based on his membership with the Montana National Guard. Yellowstone County's motion is denied with respect to Chenoweth's MMSERA claim.

### B. USERRA Claim

Yellowstone County argues the undisputed facts show Chenoweth's membership in the National Guard was not a motivating factor in the adverse

5

employment action. Chenoweth argues disputed facts show Chenoweth's membership in the National Guard was a motivating factor in the adverse employment action. The Court agrees with Chenoweth.

Similar to MMSERA, USERRA prohibits employers from taking adverse employment actions against employees because of the employee's military membership. 38 U.S.C. § 4311. To prove an employer violated USERRA, an employee must show his military membership was a motivating factor in the employer's adverse employment action. 38 U.S.C. § 4311(c)(1). An employer can rebut the employee's proof by showing the adverse employment action would have been taken even if the employee wasn't a military member. 38 U.S.C. § 4311(c)(1).

An employee can establish the "motivating factor" element through direct or circumstantial evidence. *Munoz v. InGenesis STGI Partners, LLC*, 182 F.Supp.3d 1097, 1104 (S.D. Cal. 2016) (citing *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). Circumstantial evidence is often relied on by USERRA plaintiffs because "discrimination is seldom open or notorious." *Sheehan*, 240 F.3d at 1014. Inferences of discrimination may be permissibly drawn from many factors, such as the proximity in time between the military activity and the adverse employment action, or inconsistencies in the employer's explanation. *Sheehan*, 240 F.3d at 1014.

Here, there are several issues of disputed fact regarding whether Chenoweth's military membership was a motivating factor in Yellowstone County's adverse employment action. First, the timing of the action itself gives rise to a permissible inference that Chenoweth's military membership was a motivating factor. *Sheehan*, 240 F.3d at 1014. On April 29, 2015, Chenoweth informed his supervisor of a National Guard obligation, and on May 1, 2015, Yellowstone County terminated Chenoweth's employment. (Doc. 19 at 2). Second, Chenoweth stated in his deposition that Lieutenant O'Donnell told him "[Y]ou've got to pick what's more important here, National Guard career or your law enforcement career." (Doc. 42-12 at 2-3). Third, the Department of Labor's investigation into Chenoweth's termination concluded with a report that stated "[t]he facts clearly show that Mr. Chenoweth's military service was a motivating factor when he was terminated from Yellowstone County Sheriff's Office on May 1, 2015." (Doc. 42-4 at 13). The report also specifically contradicts many of Yellowstone County's contentions regarding Chenoweth's performance. (Doc. 42-4 at 14). Yellowstone County argues the report sometimes contradicts itself, but that goes to the weight the jury places on the report.

The record contains many other disputed issues of fact, but it's unnecessary to list all of them. The issue of fact listed above alone precludes granting summary judgment on Chenoweth's USERRA claim.

### C. Punitive and emotional distress damages

Chenoweth did not dispute punitive and emotional distress damages are unavailable to him under MMSERA and USERRA. The Court grants Yellowstone County summary judgment on punitive and emotional distress damages.

### IV. Conclusion and order

It is hereby ordered Yellowstone County's motion for summary judgment (Doc. 29) is granted with respect to punitive and emotional distress damages and denied in all other respects.

DATED this 14th day of February, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge