**Jason A. Williams**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana  59802
Telephone:  (406) 728–0810
Facsimile:  (406) 543-0134
Email:      jwilliams@dmllaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADAM CHENOWETH | Cause No.: CV 17-0150-BLG-SPW-JC |
| Plaintiff, | |
| v. | RESPONSE IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE |
| YELLOWSTONE COUNTY | |
| Defendant. | |

## **INTRODUCTION**

Defendant seeks to exclude evidence and argument regarding the:

1. The Veterans' Employment Training and Service (herein after "VETS") investigation and report;

2. The reinstatement of Adam Chenoweth (herein after "Mr. Chenoweth") as a Deputy for Yellowstone County; and

3. Whether the Court should reinstate Mr. Chenoweth as a Deputy and award him front pay.

1

Plaintiff was contacted regarding Defendant's motion and they indicated they are opposed to it. Plaintiff provided case law showing that such motion would be futile. Moreover, Plaintiff indicated that as case law is clear as to the admissibility of the aforementioned items, that they would seek attorney fees if such a motion was filed. See Exhibit "A."

Despite the case law and notice of seeking attorney fees, Defendant filed their Motion in Limine. (ECF No. 52) As a result of this Motion in Limine, Plaintiff is required to spend time on responding to the futile motion.

Section 4322 of the Uniformed Services Employment and Reemployment Rights Act of 1994 (herein after "USERRA") authorizes the Secretary of Labor to conduct investigations to ensure compliance with the terms of USERRA. 38 U.S.C. § 4322. During the time period covered by this case, the Department of Labor (herein after "DOL") conducted an investigation and produced the VETS investigation and report.

After a review of the DOL found that Mr. Chenoweth's Military Service Obligations (herein after "MSO") were a factor in his termination. The Defendant's allegation is that the DOL was wrong. Therefore, they are understandably threatened by the implications of the DOL's conclusions.

Section 4323 states the remedies available under the USERRA. Such remedies include that they "require the employer to comply with the provisions of

this chapter." Such enforcement would naturally include the reinstatement of Mr. Chenoweth. The remedies also include that the "employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful." 38 U.S.C. § 4323.

The jury would necessarily need to here information about the request for reinstatement as well as the issues of front pay to determine if the actions of Defendant warrant the remedies contained in the statute. Defendant's motion is substantively unclear, meritless, and should be denied.

## **FACTS**

On or about June 19, 2014, Adam Chenoweth was hired by Yellowstone County. During all times relevant to this action Mr. Chenoweth was enlisted with the National Guard. At no point in time was Mr. Chenoweth notified that his employment with Defendant was at risk. On or about April 29, 2015, Mr. Chenoweth informed his supervisor at Yellowstone County Sheriff's Office of an upcoming MSO. This MSO was a short notice obligation. For reasons that are unknown, Defendant began contacting  military officers about Mr. Chenoweth's MSO. Two days after Mr. Chenoweth notified Defendant of his MSO, Defendant terminated his employment with Yellowstone County Sheriff's Office.

Soon thereafter, Mr. Chenoweth notified the DOL about his termination. The

DOL, through VETS, investigated Mr. Chenoweth's termination. The VETS report concluded that "The facts clearly show that Mr. Chenoweth's military service was a motivating factor when he was terminated from the Yellowstone County Sheriff's Office on May 1, 2015." See Exhibit "B," pg. 13.

Noted in the VETS report, is that the VETS was unable proceed with settlement proposals as Defendant was unwilling to participate in any settlement discussions. See Exhibit "B," pg. 15. The actions of Defendant forced Mr. Chenoweth to pursue this case as they were unwilling to comply with USERRA or resolve the dispute between Mr. Chenoweth and Defendant.

Mr. Chenoweth has requested re-employment on several occasions all of which have been denied by Defendant.

## LEGAL STANDARD - MOTIONS IN LIMINE

To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." U.S. v. Haischer, 2012 WL 5199148, at *1, citing Ind. Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d 844, 846 (N.D.Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Haischer, at *1, citing Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court

is almost always better situated during the actual trial to assess the value and utility of evidence." Haischer, at *1, citing Wilkins v. Kmart Corp., 487 F.Supp.2d 1216, 1219 (D.Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." Haischer, at *1, citing Ohler v. United States, 529 U.S. 753, 758 n. 3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Haischer, at *1, citing Ind. Ins. Co., 326 F.Supp.2d at 846.

However, a motion in limine should not be used to resolve factual disputes or weigh evidence. Haischer, at *1, citing C & E Servs., Inc. v. Ashland, Inc., 539 F.Supp.2d 316, 323 (D.D.C. 2008).

## **ARGUMENT**

### A.   **Case law already has held that USERRA reports are admissible**

The USERRA investigative report by the DOL is admissible under the public records hearsay exception. "Plaintiff correctly points out that while pure interpretations of the law are not admissible under this exception, factual determinations, including factual "opinions" and "conclusions" fall under this exception to the hearsay rule. Q*uinn v. Everett Safe & Lock, Inc*., 53 f. supp. 3d

1335, 1339 (W.D. Wash. 2014); citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162, 109 s. ct. 439, 102 l. ed. 2d 445 (1988).

In *Quinn* the court found "that the DOL letter falls under the public records hearsay exception in Federal Rule of Evidence 803(8), as the letter may be characterized as a "factual finding[] from a legally authorized investigation." Fed. R. Evid. 803(8) …The DOL's determination of the reasons motivating Mr. Quinn's termination is a factual conclusion. See *Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1063 (E.D. Wash. 2013) (holding an analogous DOL report admissible as "the report falls within the hearsay exception set forth in Evidence Rule 803(8)")." *Quinn* at Supp. 3d 1335, 1339 (W.D. Wash. 2014).

Under Federal Rule of Evidence 803(8), a public record or report is not excluded by the hearsay rules in a civil case if it sets out "factual findings from a legally authorized investigation" and "neither the source of information nor other circumstances indicate a lack of trustworthiness." Documents that fall within Rule 803(8) "are presumed trustworthy, placing the burden of establishing untrustworthiness on the opponent of the evidence." *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997) (internal quotation omitted); see also *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992) ("A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be

admitted.").

*Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1062 (E.D. Wash. 2013).

The *Quinn* case also evaluated the probative value versus the prejudicial risk and agreed with admitting the evidence as "alleged deficiency of the DOL's investigation should go to the weight of this letter, not its admissibility, a view with which the Court agrees. Defendant, of course, is free to present evidence refuting the findings of the DOL and may point out deficiencies in the DOL determination but that evidence would go to the weight of the evidence.

Defendant has also argued that the document is not complete. However, the large redacted sections relate to communication with Defendant's agents or employees. They have the ability to obtain any information in those redacted sections as they are Defendant's agents or employees. The Court has also ordered the release of Mr. Chenoweth's military records as it relates to this case which would further plug any redacted portions of the DOL's report. "Defendants will be free at trial to emphasize to the jury their view that the DOL determination was based on an incomplete picture of the situation, which, if credibly done, would be sufficiently comprehensible to remove any unfairly or incorrectly prejudicial effects the determination might have on the jury." *Quinn* at 53 F. Supp. 3d 1335, 1340 (W.D. Wash. 2014).

Defendant's arguments are unsubstantiated by case law, the DOL's report

and the facts of the case.  The DOL's determination of the reasons motivating Mr. Chenoweth's termination is a factual conclusion. See *Ruiz v. Fernandez*, 949 f. supp. 2d 1055, 1063 (E.D. Wash. 2013) (holding an analogous DOL report admissible as "the report falls within the hearsay exception set forth in evidence rule 803(8)"). Defendant's Motion in Limine in regards to the VETS report should be denied.

> B.    **Reemployment must be discussed at the trial as the USERRA addresses reemployment in the act.**

It is unclear on how Defendant can request that reemployment of Mr. Chenoweth should be excluded. This case was brought under a violation of the USERRA. Within the sections of the USERRA there are several sections dealing with reemployment. 38 U.S.C. § 4312. Reemployment rights of persons who serve in the uniformed services states:

> (a) Subject to subsections (b), (c), and (d) and to section 4304, any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if…

Defendant is asking that this court limit his remedies that are available to

him. The USERRA does not speak to when these issues may be raised, but whether they are rights available to him. Limiting the ability to discuss reemployment would deprive Mr. Chenoweth of the rights that he has been granted under the USERRA.

Moreover, it would create more confusion than any probative value in excluding the reemployment right of Mr. Chenoweth. It is unclear on how the obligations and duties of employers can be explained under the USERRA if we cannot use information found in the statute.

This motion should be denied as Mr. Chenoweth has requested reemployment but was denied by the Defendant. The USERRA grants Mr. Chenoweth the ability to be reemployed and the jury should be able to hear information as it relates to the reemployment option of Mr. Chenoweth.

C.     **The ability to obtain front pay is independent from his reemployment and front pay and reemployment should be allowed at trial.**

It is unclear on what Defendant is asking for under their third request. However, it is clear that it is within the Court's discretion based upon USERRA's broad equitable powers to award Mr. Chenoweth's front pay damages, even without considering his possible future wages. See *Carpenter v. Tyler Indep. Sch. Dist.*, 226 F. App'x 400 (5th Cir. 2007).

38 U.S.C. § 4311(a) states:

(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, **promotion, or any benefit of employment by an employer on the basis of that membership**, application for membership, performance of service, application for service, or obligation. Emphasis added

It is logical that if Mr. Chenoweth was not terminated by Defendant or if he was reinstated at an earlier time, Mr. Chenoweth would be farther along in his career as a law enforcement officer. The time in which Mr. Chenoweth has not been a law enforcement has put him farther back on his career both in regards to his position and his salary.

Mr. Chenoweth's expert report indicated that it is reasonable to assume that there would be a 2% growth rate in an officer's salary. Mr. Chenoweth has been denied this benefit and even if he were to be reemployed, this amount would be a damage that he would experience. The front pay calculation is independent of the reemployment status.

To appropriate compensate Mr. Chenoweth in regards to Defendant's violation of USERRA, front pay must be considered regardless of the employment status of Mr. Chenoweth.

## <u>CONCLUSION</u>

The Federal Rules of Evidence and case law are clear that the DOL's VETS report is admissible. All of Defendant's arguments for exclusion of the VETS

report go to credibility and weight, not admissibility. Moreover, the USERRA provides for the remedies that Defendant is trying to exclude and any limitation of those rights would deny Mr. Chenoweth his rights. Defendant's motion must be denied.

RESPECTFULLY SUBMITTED this 25th  day of March, 2019.

/s/ Jason Williams
Jason Williams
DATSOPOULOS, MacDONALD & LIND, P.C.
Attorneys for Mr. Chenoweth

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that this brief complies with L.R. 7.1(d)(2)(A).  According to the word processing system used to prepare this brief, and excluding the caption and certificates of compliance and service, the brief contains 2,132 words.

/s/ Jason Williams
Jason Williams
DATSOPOULOS, MacDONALD & LIND, P.C.

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Williams, of Datsopoulos, MacDonald & Lind, P.C., hereby certify that on March 25, 2019, I served a true and correct copy of the foregoing document, postage prepaid, to the following by the following means:

[  ] U.S. Mail
[  ] FedEx
[  ] Hand-Delivery
[  ] Facsimile
[  ] Certified Mail, Return Receipt Requested
[  ] Email
[x] ECF Electronic Filing

Levi Robison
Deputy Yellowstone County Attorneys
Yellowstone County Courthouse,
Room 701
P.O. Box 35025
Billings, MT  59107
lrobison@co.yellowstone.mt.gov


By:    /s/ Jason A. Williams
       *Counsel for Plaintiff*