IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
MAR 27 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| ADAM CHENOWETH, | CV 17-150-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY, | |
| Defendant. | |

Before the Court is Yellowstone County's motion in limine. (Doc. 52). Yellowstone County seeks to exclude evidence of a Veterans' Employment and Training Service (VETS) investigation and report and evidence of whether Chenoweth should be reinstated or awarded front pay. (Doc. 52 at 1-2). For the following reasons, the Court grants in part and denies in part the motion.

I.  **Facts**

Adam Chenoweth was hired as a deputy sheriff by Yellowstone County on June 9, 2014. (Doc. 14 at 2). Chenoweth was an enlisted member with the National Guard. (Doc. 14 at 2). On April 29, 2015, Chenoweth told his supervisor at the Yellowstone County Sheriff's Office that he had a training commitment with the National Guard from May 2-7, 2015. (Doc. 14 at 2; Doc. 42-4 at 4). Yellowstone County terminated Chenoweth's employment on May 1, 2015, citing poor performance. (Doc. 14 at 2).

Chenoweth reported his termination to the Department of Labor, Veteran Employment and Training Service division (VETS). VETS conducted an investigation into Chenoweth's termination and concluded Chenoweth's membership with the National Guard was a motivating factor in Yellowstone County's termination of his employment. (Doc 42-4 at 13). VETS recommended the Department of Justice file a lawsuit on Chenoweth's behalf to recover damages caused by the termination. (Doc. 37-3). After the Department of Justice declined to represent Chenoweth, he retained private counsel and filed this action under the Uniformed Services Employment and Reemployment Rights Act (USERRA) and the Montana Military Service Employment Rights Act (MMSERA). (Docs. 2; 37-3).

## II. Legal standard

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. K-Mart Corp.*, 326

F.Supp.2d 844, 846 (N.D. Ohio 2004). Courts have wide discretion in considering and ruling on motions in limine. *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).

## III. Discussion

### A. VETS report

Yellowstone County argues the VETS report must be excluded because it is irrelevant, more prejudicial than probative, and incomplete because it contains redactions. Chenoweth responds other district courts have admitted VETS reports as both relevant and probative. Chenoweth further states the redactions relate to information provided to VETS by Yellowstone County or its agents and Yellowstone County therefore has the means to discover the redacted information.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a-b). Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case determination, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015). A district court's Rule 403 determination is subject to great deference. *Lloyd*, 807 F.3d at 1152.

Investigative reports or letters are often admitted in employment lawsuits because they are both relevant and highly probative. *Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). Other district courts have admitted VETS reports exactly the same as the one at issue here. *Quinn v. Everett Safe & Lock, Inc.*, 53 F.Supp.3d 1335, 1339 (W.D. Wash. 2014); *Ruiz v. Fernandez*, 949 F.Supp.2d 1055, 1063 (E.D. Wash. 2013). But the Ninth Circuit has warned against admitting investigative reports that make a conclusive finding of liability. *Amantea-Cabrera v. Potter*, 279 F.3d 746, 749 (9th Cir. 2002). A report that makes only a preliminary determination that the employer might be liable is usually not unduly prejudicial because it does not suggest to the jury that the agency has already determined the issue of liability. *Gilchrist v. Jim Slemons Import, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). On the other hand, a report that represents a conclusive determination of liability presents a much greater risk of prejudice because the jury may find it difficult to independently evaluate the claim in light of the agency's liability determination. *Gilchrist*, 803 F.2d at 1500; *see also Amantea-Cabrera*, 279 F.3d at 749.

Here, similar to other district courts and employment law cases, the Court holds the VETS report is both relevant and highly probative of Chenoweth's claim because it contains useful factual findings that tend to corroborate or conflict with one or both of the parties' timelines and version of events. However, the VETS

report also contains conclusive determinations of liability that present a serious risk of prejudicing the jury. The VETS report states "Those facts conclusively reveal that Mr. Chenoweth's military service was a motivating factor when he was terminated on May 1, 2015" and "The facts clearly show that Mr. Chenoweth's military service was a motivating factor when he was terminated from the Yellowstone County Sheriff's Office on May 1, 2015." (Doc. 42-4 at 5 and 13). Under *Gilchrist*, the Court holds the proper remedy is to admit the VETS report under the condition the two determinations of liability are redacted. Further, although not raised by either party, the Court holds the portion titled "Evaluation of Damages" must be redacted because it is outdated and may confuse the jury and the portion titled "Settlement Posture" must be redacted because it violates Rule 408's exclusion of settlement evidence. The portion of the report that states "Litigation is recommended," does not need to be redacted because it is only a preliminary determination that Yellowstone County may be liable.

Yellowstone County also requests the VETS report be excluded under Rule 106 because it contains redactions and is therefore incomplete. If the Court declines Yellowstone County's request, Yellowstone County asks in the alternative that it be allowed to introduce the Department of Justice's letter declining to represent Chenoweth. The Court declines to exclude the VETS report under Rule 106 but will allow the introduction of the Department of Justice's letter.

Yellowstone County obtained the VETS report through a Freedom of Information Act request to the Department of Labor. According to the Department of Labor, the redacted portions concern information protected by 5 U.S.C. § 552, such as personal private information or information which discloses confidential sources. (Doc. 42-4 at 1). The Department of Labor informed Yellowstone County it may appeal the redactions, which apparently Yellowstone County did not do. (Doc. 42-4 at 2).

"If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Rule 106 does not prohibit admission of an incomplete document. Instead, it allows the party against whom the document is introduced to place the remainder in evidence without additional evidentiary foundation. *United States v. Phillips*, 543 F.3d 1197, 1203 (10th Cir. 2008) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988)).

The Court declines to exclude the VETS report under Rule 106 because Yellowstone County failed to appeal the Department of Labor's redactions and therefore does not possess a "remainder" to introduce into evidence. Further, the Court is unconvinced fairness requires the introduction of the redacted portions. Of the six redactions complained of, four of them concern Yellowstone County's

own agents, one concerns a Billings police officer, and one concerns an unknown person. Yellowstone County could figure out most of the redacted information by speaking with its agents. The information also appears largely inconsequential given there is only a single redacted sentence in the section titled "Evaluation of the Alleged USERRA Violation," which contains the report's main factual conclusions relevant to the alleged USERRA violation. (Doc. 42-4 at 14). The Court declines to exclude the report under Rule 106, but grants Yellowstone County's alternative request to introduce the Department of Justice's letter because it is fair given the Court's ruling on the VETS letter, which contains a recommendation of litigation.

### B. Evidence of whether Chenoweth should be reinstated or awarded front pay

Yellowstone County argues whether Chenoweth should be reinstated or awarded front pay is an issue solely for the Court to decide if the jury finds liability. Chenoweth argues the jury is entitled to hear evidence on those issues because the statutes and caselaw provide for reinstatement or front pay as remedies.

Front pay, although a monetary award, is a form of equitable relief that is determined by the court rather than the jury. *Carpenter v. Tyler Indep. School Dist.*, 429 F.Supp.2d 848, 852 (E.D. Tex. 2006) (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1022 n. 33 (1st Cir. 1979) and *Taylor v. Home Ins. Co.*, 777 F.2d 849,

859-860 (4th Cir. 1985)). Front pay or other equitable relief is appropriate only if the Court concludes reinstatement is impractical. *Carpenter*, 429 F.Supp.2d at 852 (citing *Julian v. City of Houston*, 314 F.3d 721, 728 (5th Cir. 2002)).

The Court agrees with Yellowstone County. Reinstatement and front pay are issues determined solely by the Court and evidence directed to either is irrelevant to the jury's determination. However, the Court recognizes there is some potential for overlapping evidence which is perhaps relevant to both reinstatement and liability. The Court therefore grants Yellowstone County's motion in limine on reinstatement and front pay but may admit overlapping evidence that is otherwise relevant and probative to the jury's determination.

## IV. Conclusion and order

Yellowstone County's motion in limine is granted in part and denied in part. The VETS report is admissible so long as Chenoweth makes the following redactions: the two conclusive liability determinations, the "Evaluation of Damages" portion, and the "Settlement Posture" portion. Yellowstone County may introduce the Department of Justice's letter. Evidence of reinstatement and front pay is excluded except for overlapping evidence that is relevant and probative to the jury's determination.

DATED this 27th day of March, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge